Concurring opinion issued June 12, 2003








 





 






In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00260-CR






KARENE MORTON THOMAS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 860452









CONCURRING OPINION

 I concur in the result reached by the majority. However, because I disagree
with the majority's conclusion that there were sufficient common distinguishing
characteristics between the extraneous offense and the charged offense, I would hold
that the trial court committed error in admitting the extraneous offense evidence.

 To be admissible to show identity, an extraneous offense must be so similar to
the offense charged that the offenses are marked as the accused's handiwork. Lane
v. State, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996). Appellate courts take into
account both the specific characteristics of the offenses and the time interval between
them. Id. As well as basing a review of the admissibility of extraneous evidence on
proximity in time, place and distinguishing characteristics, this Court must review the
State's need for introducing the relevant evidence. Montgomery v. State 810 S.W.2d
372, 392 (Tex. Crim. App. 1990). I believe there was neither sufficient proximity,
sufficient distinguishing characteristics, nor sufficient need to justify admission of the
extraneous offense.

 Proximity

 Although the offenses were committed within a half-mile of one another, they
were not proximate in time. One court observed that "as a general rule, the greater
the time period between the charged and extraneous offenses, the greater the
likelihood of error in admitting the evidence of the extraneous offense." Reyes v.
State, 69 S.W.3d. 725, 740 (Tex. App.--Corpus Christi 2002, pet. ref'd.). The court
illustrated this observation by listing (i) a number of appellate court cases, (ii) the
time period between the charged and extraneous offenses, and (iii) whether the
appellate court had found error in the trial court's admission of the extraneous
offense. No hard and fast rule emerged. Nevertheless, an appellate court generally
found no error in admitting the evidence of the extraneous offense in cases in which
the offenses occurred within two months or less of one another. Upon appeal, most
offenses separated by two months or more resulted in a finding of error by the lower
court. Here, there was a lapse of 11 months between the two offenses. Because the
two offenses in this case are not proximate in time, we are required to find stronger
similarities showing that the offenses are the handiwork of one individual. The
similarities here could be common to a number of offenses targeting elderly women,
and the differences are significant.

 The majority's reliance on Lane, a case in which the offenses occurred a decade
apart in two different states, is misplaced because the similarities in Lane, unlike the
similarities here, were extraordinary enough to overcome the lack of proximity. 
Among other similarities, the victims were young girls of approximately the same age
who were abducted from public areas near their homes, sexually assaulted, and
strangled to death. 933 S.W.2d at 517. In both offenses, the defendant acted with a
co-actor, involved himself in the search for the victims, and claimed each girl's
underwear as a trophy of the crime. Id.

 Characteristics of the Offenses

 The majority also relies on two cases in which the victim's age was a
significant factor in the admission of the extraneous offense. In each of the cases
cited, however, there existed a distinctive signature of the defendant unrelated to the
age of the victims. In Pena v. State, the two burglaries were virtually identical. 867
S.W.2d 97 (Tex. App.--Corpus Christi 1993, pet. ref.d). The burglar entered through
a back window, stole a television and jewelry, exited through the front door and used
the same car, which was registered to his wife. Id. at 99. Likewise, in Contreras v.
State, the robbery and aggravated sexual assault offenses were remarkably similar. 
838 S.W.2d 594 (Tex. App.--Corpus Christi 1992, pet. ref'd). In both, the assailant
broke into a house while the elderly couples were sleeping, extinguished any lights,
hit the husband on the head, forced the wife to have oral sex, and then demanded
money from the wife prior to leaving. Id. at 599-600.

 In this case, there are no striking similarities such that we have the required
distinctive signature of the defendant. Elderly women living alone are often the target
of harassment, particularly at night. In this case, the harassment was the persistent
ringing of Patton's doorbell, while Garrett was harassed by a peeping tom with a
flashlight. Patton's phone line was cut and the assailant entered by breaking a
window. The appellant did not cut Garrett's phone line nor did he show any intent
to break the glass patio door. Moreover, tall black males with gold-rimmed glasses
are hardly unusual in our community. The two offenses here have even less in
common than the two offenses in Reyes where the burglaries and sexual assault
offenses occurred approximately seven months apart and in each case the assailant
fondled a woman sleeping with a child. 69 S.W.3d at 739. The Reyes court
concluded that the trial court erred in admitting the extraneous offense because the
danger of unfair prejudice substantially outweighed the probative value of the
extraneous offense evidence. Id. at 741.

 State's Need to Introduce the Evidence

 It is a fundamental tenet of our criminal justice system that an accused may be
tried only for the offense for which he is charged and not for being a criminal
generally. Owens v. State, 827 S.W.2d 911, 914 (Tex. Crim. App. 1992). Rule
404(b) incorporates this tenet by prohibiting the admission of extraneous misconduct
evidence that shows nothing more than the accused's general propensity to commit
criminal acts. Tex. R. Evid. 404(b); Owens, 827 S.W.2d at 914. Rule 404(b) also
provides exceptions to the rule allowing the admission of extraneous offense to show,
inter alia, proof of identity. I emphasize that this is an exception to Rule 404(b). The
majority in this case, by lowering the established standards to invoke the exception,
appears to decide that the exclusion of extraneous offenses is the exception, not the
rule. I suggest that such a decision eviscerates the carefully crafted interpretation of
the exception by this and other appellate courts. The majority has determined that
common characteristics are not really important if the perpetrator of the extraneous
offense is identified as the person accused of the charged offense. Moreover, the
majority ignores Montgomery's caveat that prior to allowing the exception, a court
must review the State's need to introduce the extraneous offense. Montgomery, 810
S.W.2d at 392. 

 There was little, if any, need for introduction of the extraneous offense. The
evidence presented at trial, excluding the evidence of the extraneous offense, was
sufficient to link the appellant to the burglary and attempted sexual assault. Patton
was able to describe the intruder accurately, assist in providing a sketch resembling
the intruder, which was introduced into evidence, and to identify appellant as the
intruder, although with the caveat that she could not "swear to it." Most importantly,
appellant, in his confession, provided specific details of the crime that only the
perpetrator would know. Thus, the State had abundant evidence of appellant's guilt
and no need to introduce the extraneous offense.

 Because I would hold that the trial court erred in admitting the extraneous
offense based on the issue of identity, but that the error was harmless in light of the
abundant evidence of guilt, I concur only in the judgment.



 Laura Carter Higley

 Justice


Panel consists of Justices Taft, Keyes, and Higley.


Publish. Tex. R. App. P. 47.2(b).